# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

MICHAEL OTIS ROBERTSON,                                                                PLAINTIFF
ADC #106563

v.                                     4:21CV01066-DPM-JTK

TURN KEY MEDICAL, et al.                                                              DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to Chief United States District Judge D.P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the

District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

## I. Introduction

Plaintiff Michael Otis Robertson ("Plaintiff") is in custody at the Pulaski County Detention Center. He filed a pro se civil action pursuant to 42 U.S.C. § 1983 and supplement, as well as a Motion to Proceed in forma pauperis, which was granted. (Doc. Nos. 2 & 10, 5 & 7). The Court will now screen Plaintiff's Complaint pursuant to the Prison Litigation Reform Act ("PLRA").

## II. Screening

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing

pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

## III.    Discussion

Plaintiff sued Turn Key Medical, Doctor Robert, Nurse Glesson, and Nurse Katy, each identified as being employed at the Pulaski County Detention Center. (Doc. No. 2 at 1-2). He sued all Defendants in their personal and official capacities. (Id. at 2). Plaintiff "know[s] that [Defendants are] trying to kill [him]" and that they "all work together." (Id. at 6). Plaintiff explains that in September 2020 he was "jumped on" by a Sergeant Murphy and Deputy Belt. (Id. at 4). According to Plaintiff, he has been asking to see the doctor because they broke his knuckle. (Id.). Defendant Robert was the doctor at that time; now Defendant Robert "is a mentel [sic] health." (Id. at 5).

Plaintiff claims Defendant Robert "had two red head women to give [him] some pill that made [him] throw up" in an effort to poison and kill him. (Doc. No. 2 at 4-5, 6; Doc. No. 10 at 1). Plaintiff says he is supposed to be taking "IBU, Tylenol," but they gave him additional pills, and that is how he knows they are trying to kill him. (Doc. No. 2 at 5). Plaintiff also says Lieutenant Newburn "squeeze [Plaintiff's] throw up out [his] cell." (Doc. No. 2 at 5; Doc. No. 10 at 1).

3

Plaintiff claims Defendants' actions are in retaliation for a "lawsuit [he] [has] on them." (Id. at 5). Plaintiff seeks damages. (Id. at 6).

### A. Official Capacity Claims

Plaintiff sued Defendants in their personal and official capacities. (Doc. No. 2 at 2). "A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity." Veatch v. Bartels Lutheran Home, 627 F.3d 1254, 1257 (8th Cir. 2010). Accordingly, Plaintiff's official capacity claims against any Detention Center staff are the equivalent of claims against Pulaski County. And Plaintiff's official capacity claims against any employees of a third-party medical provider are the equivalent to a claim against their employer. See Sanders v. Sears, Roebuck & Co., 984 F.2d 972, 975-76 (1993). To state a claim against Pulaski County or a third party employer, Plaintiff would have had to allege that a policy or custom of the County or employer was the driving force behind the violation of Plaintiff's rights. See Corwin v. City of Independence, Missouri, 829 F.3d 695, 699 (8th Cir. 2016) (citing Monnell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978); City of Canton, Ohio v. Harris, 489 U.S. 378, 389 (1989)). But Plaintiff did not make such allegations and his Complaint does not otherwise indicate that a policy or custom was at issue. Accordingly, Plaintiff's official capacity claims fail.

### B. Personal Capacity Claims

Plaintiff brought suit under 42 U.S.C. § 1983. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Parrish v. Ball, 594 F.3d 993, 1001 (8th Cir. 2010) (citing

4

Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009)).  Bare allegations void of factual enhancement are insufficient to state a claim for relief under § 1983.  See Ashcroft, 556 U.S. at 678.

Plaintiff alleges all Defendants are working together to try to kill him in retaliation for a lawsuit he filed.  A conspiracy claim under 42 U.S.C. § 1983 requires a plaintiff to establish: "(1) that the defendant conspired with others to deprive him of constitutional rights; (2) that at least one of the alleged co-conspirators engaged in an overt act in furtherance of the conspiracy; and (3) the overt act injured the plaintiff."  Burton v. St. Louis Bd. of Police Com'rs, 731 F.3d 784, 798 (8th Cir. 2013) (internal citations omitted).  A plaintiff must also allege facts that demonstrate a meeting of the minds—that the defendants "reached an agreement to deprive the plaintiff of constitutionally guaranteed rights."  Id. at 798-99.  Plaintiff pled no facts showing a meeting of the minds.  And nothing in Plaintiff's Complaint otherwise indicates a meeting of the minds.  As such, Plaintiff's conspiracy claim fails.

Further, the Court finds Plaintiff's claims factually frivolous.  As the Supreme Court of the United States explained, "a court may dismiss a claim as factually frivolous only if the facts alleged are 'clearly baseless,' . . .  a category encompassing allegations that are 'fanciful,' . . . 'fantastic,' . . . and 'delusional.'"  Denton, 504 U.S. at 32–33 (internal citations omitted).  "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible . . . ."  (Id.)  Plaintiff's allegations in this case that the Defendants are trying to kill him are the type of claims contemplated by the Supreme Court in defining factually frivolous.  As such, Plaintiff's claims should be dismissed without prejudice.  28 U.S.C. § 1915(e).

## IV.     Conclusion

IT IS, THEREFORE, RECOMMENDED that this action be DISMISSED without prejudice for failure to state a claim on which relief may be granted.

IT IS SO RECOMMENDED this 1st day of December, 2021.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE